UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Plaintiff,<br><br>v.<br><br>ZHEN LI,<br><br>Defendant. | Case No. 23-cv-566-BTM-JLB<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER** |

On March 30, 2023, Plaintiff U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") filed a Complaint and Ex Parte Application for Emergency Temporary Restraining Order to allow Plaintiff to immediately and involuntary feed, hydrate, and perform medical examinations on Defendant Zhen Li. The motion is supported by declarations by Assistant Field Office Director Mark Paramo ("Paramo Decl.") and Rae Boganey, M.D., ("Boganey Decl."). According to those declarations, Defendant has been on a hunger strike since February 22,

2023.  Paramo Decl. ¶ 5; Boganey Decl. ¶ 8.  Defendant was hospitalized from March 25 to March 28, 2023.  Boganey Decl. ¶ 8.  Defendant is at risk of suffering severe injuries or death as a result of the hunger strike.  In Dr. Boganey's medical opinion, "involuntary intravenous hydration and feedings are required at this time."  Boganey Decl. ¶ 25.

Plaintiff is requesting an order allowing medical professionals to "(1) involuntarily hydrate and provide nutrition to Defendant; (2) perform physical evaluations on Defendant, take his vital signs, and perform laboratory testing; and (3) restrain Defendant, if necessary, to accomplish these procedures, in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike." (ECF No. 2 at 6). Plaintiff's counsel has alleged that "delaying this proceeding to serve the Defendant and allow him to respond would delay needed medical attention."  (Id.).  Moreover, Plaintiff's counsel will attempt to serve Defendant as soon as possible. (Id.).

The Court finds that Plaintiff is likely to succeed in showing that its interests in preserving life and discharging its duties to care for those in its custody outweigh any interest Defendant might have in expressing himself through a hunger strike.  *See, e.g.*, *Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998) (per curiam) (holding that

force-feeding detainee on hunger strike does not violate his constitutional rights as "the preservation of life, prevention of suicide, and enforcement of prison security, order, and discipline, outweigh the constitutional rights asserted by" the detainee); *In re Soliman*, 134 F. Supp. 2d 1238, 1253–58 (N.D. Ala. 2001) (same).

The Court also concludes that the other requirements for a temporary restraining order are met—there is a likelihood of irreparable harm, the balance of hardships tips in favor of Plaintiff, and public policy favors preserving Defendant's life and health.  *See generally City of Tenakee Springs v. Block*, 778 F.2d 1402, 1407 (9th Cir. 1985); *see also United States Department of Homeland Security v. Yaldiz*, No. 19-cv-01752-GPC-WVG, Docket No. 6 (S.D. Cal. Sept. 12, 2019) (granting order); *United States Department of Homeland Security v. Ivanov*, No. 19-cv-1573-DMS-MDD, Docket No. 6 (S.D. Cal. Aug. 22, 2019) (same); *United States v. Glushchenko*, No. 19-04678-PHX-SPL, 2019 WL 3290334 (D. Ariz. July 22, 2019) (same); *United States v. Onyango*, No. 14-cv-0401-JAH-NLS, Docket No. 8 (S.D. Cal. Feb. 25, 2014) (same).

For the reasons stated, the Court **grants** Plaintiff's Ex Parte Application for Emergency Temporary Restraining Order.  It is hereby **ordered** that:

Competent medical professionals may: (1) involuntarily hydrate and provide nutrition to Defendant, consistent with necessary medical procedures; (2) perform necessary physical evaluations on Defendant, take his vital signs, and perform necessary laboratory testing; and (3) restrain Defendant, if necessary, to accomplish these procedures, in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike;

Plaintiff must serve this Order and Plaintiff's filings on Defendant forthwith;

Federal Defenders of San Diego is appointed to represent Defendant; and

The parties shall appear for a status hearing on April 5, 2023, at 3:00 P.M., at which time the Court will address, among other things, the expiration of this order and the setting of a preliminary injunction hearing. *See* Fed. R. Civ. P. 65(b)(2).

**IT IS SO ORDERED.**

Dated: March 30, 2023

Honorable Barry Ted Moskowitz
United States District Judge